```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| PATRICK MELILLI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-cv-5865 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM & ORDER**

**Joyner, C. J.**                                  **September 26, 2012**

Before this Court are Defendant's Amended Motion for Summary Judgment (Doc. No. 23), Plaintiff's Response in opposition thereto (Doc. No. 30), Defendant's Reply in further support thereof (Doc. No. 33), Plaintiff's Sur-Reply (Doc. No. 36) and Defendant's Sur Sur-Reply (Doc. No. 39).  For the reasons set forth in this Memorandum, the Court will grant Defendant's motion in part and deny it in part.

### I.   FACTS & PROCEDURAL HISTORY

Patrick Melilli ("Plaintiff" or "Melilli") worked for the Southeastern Pennsylvania Transportation Authority ("Defendant" or "SEPTA") since 1987 as a body mechanic until he was discharged in 2008.  During his employment with SEPTA, the Plaintiff had a number of attendance issues.  In 2004, he entered into a last chance agreement which required that he not accumulate attendance

1

violations or other disciplinary infractions for two years or be discharged.  He successfully completed the agreement.  Then, in January 2008, the Plaintiff was dropped from SEPTA's rolls due to attendance issues.  He was eventually reinstated via a priority recall list.

SEPTA maintains a Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.,  policy that is applicable to the Plaintiff.  The policy uses a "rolling calendar" method by which a worker is eligible for FMLA leave if they have worked 1250 hours in the past twelve months.  SEPTA contracts with AmeriHealth to administer its FMLA program.  AmeriHealth makes the FMLA eligibility determinations for SEPTA.  When an employee seeks to use an FMLA day, they phone SEPTA to inform their supervisor of their absence and then phone AmeriHealth to inform them that they are using FMLA leave.  Prior to the events currently at issue, the Plaintiff used FMLA on several occasions.

In January 2008, the Plaintiff's wife had surgery to remove a polyp near an artery.  She was directed by her doctor to do no heavy lifting for ten days.  The Plaintiff requested FMLA leave to care for his wife during this time, but this request for FMLA leave was not finally approved.  The Plaintiff testified that he was told by a supervisor that his wife did not have a serious medical condition, as required under the FMLA.  Instead, the Plaintiff called out sick on a number of those days and was then

dropped from the rolls.

In August 2008, the Plaintiff requested and received FMLA leave on an intermittent basis due to his own serious health condition. He was suffering from panic and anxiety disorders. AmeriHealth, after receiving a medical certification from the Plaintiff's doctor, approved the Plaintiff for three to five days of intermittent leave per month through February 2009. According to AmeriHealth, in August 2008, one of the Plaintiff's supervisors at SEPTA called AmeriHealth and told them that the Plaintiff "is an abuser" and has no sick time left, and asked them to "watch for patterns."

In September 2008, the Plaintiff used four days of FMLA leave.[1] On September 23, 2008, after the Plaintiff reported to work at his usual time, the Plaintiff began to feel the onset of his illness, and requested to leave work. He contacted AmeriHealth to ascertain the procedure for taking FMLA leave after he had already come to work, and AmeriHealth told him he could leave, but should contact his supervisor. The Plaintiff's immediate supervisor, Vince Davis, told him to go home. After the Plaintiff left, he received a call from Mr. Davis who told him: "Get your f-ing ass back here. Tommy Hoffman said you have no sick time and you're not able to leave. You have to call in

---

[1] The parties disagree significantly about the events in September 2008. The Court takes the record in the light most favorable to the Plaintiff, the non-moving party, and recites the facts here in the Plaintiff's favor.

before your shift with FMLA.  You can't leave while you're already into your shift.  If you don't get back here, I'm going to put you in the book sick and you have no sick time, you will be fired."  So the Plaintiff returned to work, punched back in, and finished the work day.  Thomas Hoffman acknowledged that he told Mr. Davis to tell the Plaintiff not to leave, because it was his understanding that a worker could not take FMLA leave after his shift had already begun.  Mr. Hoffman never informed the Plaintiff of his mistake.

In October 2008, the Plaintiff used several days in a row of FMLA leave.  On October 16, 2008, while at work, the Plaintiff contacted AmeriHealth to see whether FMLA would be granted if he exceeded his approved five days per month.  He was advised to get his medical certification revised to allow more FMLA days per month.  That same day, the Plaintiff was found sleeping, or assuming the position of sleep, on top of a bus.  After this incident, the Plaintiff punched out and then was told to go back to work and so he punched back in.

Mr. Hoffman and another supervisor filed a report regarding the sleeping incident, and a hearing was scheduled regarding the offense.  On October 21, 2008, an informal hearing was conducted where the proposed resolution was discharge.  The Plaintiff, represented by the Local 234 union, requested a formal hearing.  The formal hearing was held on October 28, 2008, and on October

4

31, the Assistant Chief Officer, Michael Wright, determined that the Plaintiff would be discharged.  In his report, Mr. Wright first discussed the incident where the Plaintiff was found on top of a bus, and the numerous rules that this action violated.  Mr. Wright then wrote in justifying the discharge decision:  "When taking into consideration the serious nature of these charges and the consequences that could follow it should be noted that Mr. Melilli has a less than stellar work record...For an employee to commit these rule violations, with a seriously flawed attendance/performance record, demonstrates a disregard for their employment."

The Plaintiff had continued working between the event on October 16, 2008 and his last day of work was October 31, 2008.  A Labor Step hearing was held on December 3, 2008 to address the Plaintiff's grievance.  The hearing officer upheld the termination writing: "Sleeping on duty and gross negligence involving safety are each dischargeable offenses.  Combined with the other charges and Mr. Melilli's overall record, discharge was the appropriate penalty."

The Plaintiff commenced this action by filing a Complaint in federal court on October 29, 2010.

## II.   STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law.  <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 475 F.3d 524, 535 (3d Cir. 2007); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  However, the non-moving party cannot rely on "bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue."  <u>Podobnik v. U.S. Postal Serv.</u>, 409 F.3d 584, 594 (3d Cir. 2005).  When the non-moving party is the plaintiff, she must "make a showing sufficient to establish the existence of [every] element essential to [her] case and on which [she] will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### **III.  DISCUSSION**

The Plaintiff asserts several claims under the FMLA against the Defendant.  Specifically, these include FMLA interference claims arising out of separate events occurring in January 2008,

September 2008, and October 2008, and an FMLA retaliation claim arising out of the Plaintiff's October 2008 discharge.  The Court addresses each claim separately.

### A.  January 2008 Interference Claim

The Plaintiff's first claim for interference with the FMLA arises out of a leave request made by the Plaintiff in January of 2008 to care for his wife after her medical procedure.  In the Complaint, the Plaintiff claims that he requested the leave to take care of his wife who had a serious health condition and his request was denied because his supervisor did not believe that Mrs. Melilli had a serious health condition.  (Compl. ¶ 14, Doc. No. 1).  Furthermore, the Plaintiff argues that the Defendant did not give him timely notice of the denial of his FMLA claim. (Pl.'s Sur-Reply Mem., at 2-3, Doc. No. 34-1).  In its Amended Motion for Summary Judgment, the Defendant argues that the Plaintiff's claim that Defendant violated the FMLA in January 2008 should be denied for three reasons: (1) the Plaintiff was not eligible for FMLA leave in January of 2008; (2) the claim is time barred; and (3) the Plaintiff's wife did not have a serious health condition within the meaning of the FMLA  (Mem. of Law in Supp. of Am. Mot. for Summary Judgment, at 17-19, Doc. No. 23). Because the Court finds that the January 2008 interference claim is barred by the statute of limitations, the Court need not reach the Defendant's other arguments.

Under section 2615 of the FMLA, an employer is prohibited from interfering with, restraining, or denying the exercise of rights to leave under the FMLA.  29 U.S.C. § 2615(a)(1).  A civil action by an employee for damages under section 2615 must be brought no later than two years after "the date of the last event constituting the alleged violation for which the action is brought," 29 U.S.C. § 2617(c)(1), unless the action is for a willful violation of section 2615, in which case the action must be brought within three years of that date.  29 U.S.C. § 2617(c)(2).

The Plaintiff filed his Complaint on October 29, 2010. (Doc. No. 1).  In his Sur-Reply to Defendant's Amended Motion for Summary Judgment, the Plaintiff argues generally that because of "the willfulness of defendant's actions, none of Plaintiff's interference claims are time barred."  (Pl.'s Sur-Reply Mem., at 4, Doc. No. 34-1).  However, the Plaintiff introduces no evidence to support these "conclusory allegations," Podobnik, 409 F.3d at 594, that the Defendant's January 2008 actions were willful.  In fact, the Plaintiff concedes in several places that the January 2008 claims might be time barred.  (Pl.'s Resp. to Def.'s Mot. for Summ. J., at 17 n. 3, Doc. No. 31; Pl.'s Sur-Reply Mem., at 4 n. 3, Doc. No. 34-1).

The Court finds no indication in the briefs or the affidavits submitted that the Defendant's January 2008 actions

8

were willful; therefore, no reasonable finder of fact could conclude the actions were willful.  For this reason, the FMLA's two year statute of limitations applies.  Because the Plaintiff's claim was brought after January 2010, the statute of limitations bars his claim for interference with the FMLA in January 2008.  Accordingly, the Court grants the Defendant's Amended Motion for Summary Judgment with respect to this claim.

### B.  September 2008 Interference Claim

The second claim for interference arises out of an incident that allegedly occurred on September 23, 2008, when the Plaintiff attempted to use FMLA leave to leave work in the middle of his shift, and then was ordered back to work by a supervisor.  (Compl. ¶¶ 19-21, Doc. No. 1).  In its Amended Motion for Summary Judgment, the Defendant argues that the Plaintiff failed to introduce evidence to show that he was denied FMLA leave in September 2008 and that in any event, the claim is time barred.  (Mem. of Law in Supp. of Am. Mot. for Summ. J., at 22, Doc. No. 23).  The Court will address the statute of limitations issue first.

The Plaintiff argues that the supervisor's actions in September 2008 were willful and are therefore governed by the three-year statute of limitations under the FMLA.  Wrongfully asserting that he could not invoke FMLA while in the middle of his shift was, the Plaintiff argues, "clearly voluntary and

9

deliberate."[2] (Pl.'s Sur-Reply Mem., at 4-5, Doc. No. 34-1). The Plaintiff points to the deposition of Mr. Hoffman, where he states that he told Mr. Davis to tell the Plaintiff not to leave, under the mistaken belief that Plaintiff could not invoke FMLA in the middle of the day. (Hoffman Dep. at 42-43, Ex. D to Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc. No. 31). Mr. Hoffman did not ever notify the Plaintiff of his mistake on that occasion. (Id. at 45). This, Plaintiff argues, demonstrates that "[e]ven after he learned his actions were in violation of the FMLA, Hoffman intentionally refused to disclose his abuse to Plaintiff and inform him of his rights." (Pl.'s Sur-Reply Mem., at 5, Doc. No. 34-1).

As previously noted, the FMLA provides a three-year statute of limitations where a plaintiff asserts a willful violation. 29 U.S.C. § 2617(c)(2). Neither the Supreme Court nor the Third Circuit have defined "willfulness" under the FMLA. However, other courts within the Third Circuit have joined other circuits in adopting the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., definition of willfulness. See Waites v. Kirkbride Center, No. 10-1487, 2011 WL 2036689, at *9-*10 (E.D.

---

[2] The Defendant argues that because the Plaintiff raised this issue of willfulness for the three-year statute of limitations for the first time in the Sur-Reply, rather than in the Complaint or the Response to the Motion for Summary Judgment, such an argument is precluded. (Def.'s Sur Sur-Reply, at 10, Doc. No. 37). However, the Plaintiff did mention willfulness in his Response (Pl.'s Resp. to Def.'s Mot. for Summ. J., at 20, Doc. No. 31), and as this Court allowed the Defendant leave to file a Sur Sur-Reply in response to Plaintiff's arguments in the Sur-Reply, there is no prejudice to the Defendant in considering this argument.

Pa. May 23, 2011). Therefore, "[t]o successfully allege a willful violation of the FMLA, the plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Caucci v. Prison Health Servs., Inc., 153 F. Supp. 2d 605, 609 (E.D. Pa. 2001) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). A plaintiff must do more than show that the employer knew the FMLA was in the picture, and must show more than mere negligence. Rigel v. Wilks, No. 03-971, 2006 WL 3831384, at *13 (M.D. Pa. Dec. 28, 2006).

The Court finds that the Plaintiff has put forth sufficient evidence such that a genuine issue of material fact exists as to whether the alleged September 2008 violation was willful. Therefore, the Court will move on to address the second of Defendant's arguments: that the Plaintiff has not made a prima facie case of FMLA interference for the events in September 2008.

In reviewing the arguments and affidavits submitted by both parties, it appears that the parties disagree about whether the Plaintiff was present at work on September 23, and therefore whether the alleged interference ever occurred.[3] The Defendant argues that the Plaintiff cannot have been denied FMLA leave on September 23, because he was already out on FMLA leave that day.

---

[3] The parties also disagree about whether the relevant date is September 22, 2008 or September 23, 2008. The Plaintiff has sufficiently demonstrated that the relevant date is September 23.

(Mem. of Law in Supp. of Am. Mot. for Summ. J., at 23, Doc. No. 23).

The Plaintiff asserts that on September 23, he came into work, punched in, asked if he could leave because he began to feel sick, punched out, received a call informing him that he needed to return to work, punched back in and finished out the day. (Pl.'s Resp. to Def.'s Mot. for Summ. J., at 7-8, Doc. No. 31). The Plaintiff's deposition supports this assertion. (Melilli Dep. at 125-27, Ex. A to Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc. No. 31). Furthermore, AmeriHealth's records do not indicate that the Plaintiff took FMLA leave on September 23, 2008. (Ex. 16 to Reaves Dep, Ex. C to Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc. No. 31). Finally, Mr. Hoffman stated in his deposition that he told Mr. Davis to tell the Plaintiff not to leave because he could not take FMLA leave in the middle of the day. (Hoffman Dep. at 42-43, Ex. D to Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc. No. 31).

To counter Plaintiff's assertions as to the events of September 23, the Defendant introduces SEPTA's time record, which indicates that the Plaintiff did not punch in or out on that day, and that he was excused because of "FM" on that day. (Mem. of Law in Supp. of Am. Mot. for Summ. J., at 12, Doc. No. 23). But records are not infallible, and taking the evidence in the light most favorable to the Plaintiff, there are genuine issues of

material fact as to whether he worked on September 23, and whether he was told, after he left to take previously approved intermittent FMLA leave, that he needed to return to work because he could not take FMLA leave in the middle of a shift.

Where a plaintiff alleges that an employer has interfered with an employee's rights under the FMLA, "the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." Sommer v. The Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006). Because the parties do not dispute that the Plaintiff was entitled to FMLA benefits in September of 2008 and Plaintiff has demonstrated a genuine issue of material fact as to whether he was denied those benefits on September 23, 2008, and whether those benefits were denied willfully, the Court denies summary judgment with respect to the September 2008 interference claim.

### C. October 2008 Interference Claim

The Plaintiff also makes several interference claims arising from events occurring in October 2008. The Court can discern two bases for Plaintiff's FMLA interference claims for October 2008. First, the Plaintiff argues that the Defendant unlawfully constrained his FMLA leave to five days a month, and as a result, he was unable to use FMLA time on October 16, 2008. (Pl.'s Resp. to Def.'s Mot. for Summ. J., at 20, Doc. No. 31). Even if the Plaintiff was able to show that the Defendant made this

constraint and thus interfered with the FMLA, the Plaintiff has not put forth any evidence besides "conclusory allegations," Podobnik, 409 F.3d at 594, that this interference was willful. Therefore, because this alleged interference occurred more than two years prior to the filing of the Plaintiff's Complaint, it is barred under the FMLA's two-year statute of limitations. 29 U.S.C. § 2617(c)(1).

Second, and related, the Plaintiff claims that the Defendant failed to properly advise the Plaintiff of his rights under the FMLA on October 16, 2008, because he was told by Defendant's FMLA provider that he would need to get his medical certification revised to receive more FMLA time for that month, as he had already used the 5 days his provider specified. (Pl.'s Resp. to Def.'s Mot. for Summ. J., at 21, Doc. No. 31). Again, even if the Plaintiff were able to show that this constraint to five days was an interference with the FMLA, the Plaintiff has not put forth any evidence that this interference was willful. Therefore, the claim is also barred by the FMLA's two year statute of limitations.[4] 29 U.S.C. § 2617(c)(1).

---

[4] The Plaintiff appears to argue that because of these two October 2008 alleged interferences with the FMLA, "Plaintiff was once again forced to remain [at] work, ultimately resulting in his termination, when he should have been granted an FMLA day" the claims must move forward. (Pl.'s Resp. to Def.'s Mot. for Summ. J., at 21, Doc. No. 31). To the extent that this is an attempt to argue that these two interference claims should benefit from the statute of limitations afforded to the retaliation claim, the Court rejects that argument. The retaliation claim is separate from the interference claims, which are also separate from each other. A claim must be brought no later than two years after "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1).

### D. October 2008 Retaliation Claim

The Plaintiff's retaliation claim under the FMLA arises from his termination in October 2008, after he was found sleeping, or assuming a position of sleep, on top of a SEPTA bus. (Compl. ¶¶ 25-26). The Defendant argues that his retaliation claim is barred by the statute of limitations, because he filed his Complaint more than two years after he was notified of the termination and regardless of the statute of limitations, he cannot make a showing that his claim violated the FMLA or that the Defendant's articulated reasons for terminating the Plaintiff were pretextual. (Mem. of Law in Supp. of Am. Mot. for Summ. J., at 24-34, Doc. No. 23). The Court will address both arguments.

The Plaintiff claims that the Defendant acted willfully, in which case the claim would not be time barred due to the three-year statute of limitations for willful violations. If, as the Plaintiff claims, the Defendant retaliated against him by discharging him in October 2008, and used the incident where the Plaintiff was found on top of the bus as a pretext for discharging him because of his frequent absences, including those protected under the FMLA, that would suffice for a willful violation of the FMLA.

To assert a retaliation claim under the FMLA, a plaintiff must show "(1) he took an FMLA leave, (2) he suffered an adverse

---

Therefore, the relevant date is the date of the alleged interference.

employment decision, and (3) the adverse decision was causally related to his leave." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004); see also Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009) (interpreting the Conoshenti requirement that an employee "take" FMLA leave to include invocation of FMLA rights). After the plaintiff has made this prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) ("The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection."); Capilli v. Whitesell Const. Co., 271 F. App'x 261, 265 (3d Cir. 2008) ("Our analysis of Capilli's [FMLA] retaliation claim follows the burden-shifting framework set forth by the Supreme Court in McDonnell Douglas Corp. v. Green."). If the defendant carries that burden, the burden shifts back to the plaintiff to prove that the legitimate reasons were not the defendant's "true reasons, but were a pretext for discrimination." Capilli, 271 F. App'x at 265 (quoting Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 503 (3d Cir. 1996)).

 The Plaintiff has carried his burden in making a prima facie case of retaliation under the FMLA. In the decision resulting from the formal hearing regarding Plaintiff's termination on

October 28, 2008, the decisionmaker for the Defendant, Michael Wright, after discussing the charged behavior of sleeping on the roof of a bus, discussed the Plaintiff's prior attendance issues. (Ex. J, Mem. of Law in Supp. of Am. Mot. for Summ. J., at 24-28, Doc. No. 23). Plaintiff's flawed attendance record undoubtedly included FMLA leave. (Ex. D and E, Mem. of Law in Supp. of Am. Mot. for Summ. J., at 24-28, Doc. No. 23). Therefore, a jury could find that the discharge decision was causally related to his leave.

    The Defendant has clearly put forth a legitimate, nondiscriminatory reason for the discharge. The Plaintiff was found sleeping, or assuming the position of sleep, on top of a SEPTA bus. (Ex. J, Mem. of Law in Supp. of Am. Mot. for Summ. J., at 24-28, Doc. No. 23).

    The burden then shifts back to the Plaintiff to show that the Defendant's legitimate reasons were pretext for the discharge. The Court finds that the Plaintiff has put forth sufficient evidence concerning his FMLA leave and the reasons for his discharge to create genuine issues of material fact.[5] It should be left to a jury to decide whether, or how much, the Plaintiff's use and attempted use of FMLA leave contributed to his discharge in October 2008. Therefore, the Court denies

---

[5] This evidence includes Mr. Wright's reference to the Plaintiff's attendance issues and the notation in AmeriHealth's records from a SEPTA supervisor that the Plaintiff is an abuser of the FMLA.

Defendant's motion for Summary Judgment with respect to the Plaintiff's claim of retaliation under the FMLA.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Defendant's Amended Motion for Summary Judgment with respect to all claims except for Plaintiff's claim for interference with the FMLA on September 23, 2008 and Plaintiff's claim for retaliation under the FMLA.  A separate order follows.